**SAVE OUR CUMBERLAND MOUNTAINS INC., et al., Plaintiffs,**

v.

**James G. WATT, et al., Defendants.**

**Civ. A. No. 81–2238.**

United States District Court,
District of Columbia.

Oct. 28, 1982.

Joseph A. Yablonski, Yablonski, Both & Edelman, Washington, D.C. and L. Thomas Galloway, Washington, D.C., Harrison & Weiss, for plaintiffs.

Miles E. Flint and Alfred T. Ghiorzi, U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Before the Court are motions by both parties for summary judgment, oppositions thereto, and the entire record herein, the Court having previously dismissed Counts II and III of plaintiffs' complaint by Order dated July 8, 1982. The remaining issue stems from Count I of plaintiffs' complaint,

in which they charge that defendants improperly suspended and later withdrew a duly promulgated regulation, in violation of § 553 of the Administrative Procedure Act. 5 U.S.C. § 553. Defendants contend that the regulation did not fall under § 553 and that, even if it did, it was in fact properly withdrawn. They further contend that even if the regulation was withdrawn improperly, the issue is now moot because defendants have since promulgated a new government regulation in strict compliance with § 553. It is in this last contention that the Court agrees with defendants and, accordingly, finds that it lacks jurisdiction to proceed further.

## I

## THE SOLE RELIEF WHICH THE COURT MIGHT NOW GRANT IS RE- INSTATEMENT OF THE WITH- DRAWN REGULATION

In their original complaint, plaintiffs made three charges: I) that defendants had improperly withdrawn a regulation interpreting the two-acre exemption of § 528(2) of the Surface Mining Control and Reclamation Act of 1977 ("the Act"), 30 U.S.C. § 1278(2), II) that defendants had failed to enforce the Act as required by § 521 of the Act, 30 U.S.C. § 1271, or to inspect mining and reclamation operations as required by § 517 of the Act, 30 U.S.C. § 1267, and III) that defendants had failed to collect millions of dollars for the Abandoned Mine Reclamation Fund as required by § 402(a) of the Act, 30 U.S.C. § 1232(a). Plaintiffs demanded as relief, for count I, the reinstatement of the withdrawn regulation and, for the other counts, retroactive correction of defendants' alleged inaction.

In its opinion dated July, 1982, this Court held that it was without jurisdiction to hear Counts II and III of the complaint.[1] Accordingly, the Court cannot now order the retroactive correction of defendants' actions sought by plaintiffs in those counts of their complaint. Just as the sole remaining issue before the Court is the propriety of defendants' withdrawal of the two-acre regulation, the only relief which this Court might now possibly grant is the reinstatement of the withdrawn regulation which would be improper as hereinafter set forth.

## II

## ORDERING REINSTATEMENT WOULD BE TANTAMOUNT TO RENDERING AN ADVISORY OPINION

For this Court to now order reinstatement of the withdrawn regulation, however, would be tantamount to rendering an advisory opinion. Under Article III of the Constitution such action would be plainly outside the proper role of this Court. On August 2, 1982, defendants issued a new regulation interpreting the two-acre exemption, a regulation that became effective on September 1, 1982. As defendants assert, this new regulation was promulgated in full conformity with the Administrative Procedure Act, and the propriety of its promulgation is not in issue here. More importantly, this regulation constitutes defendants' latest interpretation of the two-acre exemption, the very subject matter covered by the regulation which plaintiffs assert was improperly withdrawn.

Thus, even if this Court were to find that the old two-acre regulation was improperly withdrawn,[2] it could do nothing about it.

---

1. That decision was founded on § 520(c) of the Surface Mining Control and Reclamation Act, 30 U.S.C. § 1270(c), which provides that:

"any action respecting a violation of this Act or the regulations thereunder may be brought in the judicial district in which the surface coal mining operation complained of is located."

Since no mining operations were conducted in this district, jurisdiction was not proper in this Court.

2. In the Court's view, defendants' indefinite suspension of the regulation on March 23, 1981 was unusual and, although ultimately followed by total withdrawal, suggests bad faith on their part. Similarly questionable was defendants' meeting with opponents of the regulation on July 7, 1981 after the notice and comment period for withdrawal had closed. In fairness to defendants, however, they claim that the meeting was unrelated to the subject of withdrawal, and would not effect the reinstatement herein.

**24**

As our Court of Appeals recently stated in *National Resources Defense Council, Inc. v. United States Nuclear Regulatory Commission,* 680 F.2d 810, 814 (D.C.Cir.1982): [3]

The "judicial Power" under Article III extends only to "Cases" and "Controversies." . . . The Supreme Court had made it clear that "no justiciable controversy is presented . . . when the question sought to be adjudicated has been mooted by subsequent developments. . . ." *Flast v. Cohen,* 392 U.S. 83, 95 [88 S.Ct. 1942, 1949, 20 L.Ed.2d 947] (1968) (footnotes omitted). Corrective action by an agency is one type of subsequent development that can moot a previously justiciable issue. *See, e.g., Commissioner v. Shapiro,* 424 U.S. 614, 622–23 n. 7 [96 S.Ct. 1062, 1068 n. 7, 47 L.Ed.2d 278] (1976) (IRS's proper service of new notice of deficiency and new notices of levy moots question whether previous levies and notice of deficiency were procedurally defective under applicable statute); *Sannon v. United States,* 631 F.2d 1247, 1250–51 (5th Cir. 1980) (case can be mooted by amendment of regulations or promulgation of new regulations providing relief requested).

Plaintiffs here argue that the Court could *retroactively* reinstate the withdrawn regulation from the day it was published to the effective date of the new governing regulation. The effect of doing so, they argue, is that defendants would be required to retroactively enforce the withdrawn regulation and would have to collect monies not paid into the Abandoned Mine Reclamation Fund during the period in which the regulation would have been in force. As noted above, however, this Court has already held that it is without jurisdiction to order the retroactive corrections sought by plaintiffs. Through this contention, plaintiffs have simply attempted to resurrect Counts II and III of their complaint, which were dismissed before.

**CONCLUSION**

In sum, the Court holds that the propriety of defendants' withdrawal of the 1981 two-acre regulation is a moot question in light of defendants' promulgation of a new two-acre regulation. The only relief this Court might now grant is retroactive reinstatement of the withdrawn regulation, and for this Court to do so would be tantamount to rendering an advisory opinion. Accordingly, this Court is without jurisdiction to proceed further, and shall issue and Order, of even date herewith, dismissing this action, with prejudice.

---

**3.** The *NRDC* case might be distinguished from the instant action in that it involved the repromulgation of the *same* regulation the initial promulgation of which had been challenged, whereas the new regulation promulgated here was not identical. The parties disagree about whether the new regulation will have the same regulatory effect as the old one. However, in the Court's view, the important thing is that the new regulation here covers precisely the same *subject matter* as the withdrawn regulation and thus can be analogized to the regulation repromulgated in *NRDC.*